Case 4:21-cv-03837   Document 10   Filed on 08/25/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARIO C. ARTEAGA, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-3837 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Mario Arteaga, formerly incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) when housed at the Southeast Texas Transitional Center in Houston. Arteaga also filed a more definite statement of his claims (Dkt. 9). After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases, the Court concludes that this action must be **dismissed** for reasons set forth below.

### I.    BACKGROUND

Arteaga's habeas petition did not list any conviction or sentence against him and, in fact, answered "N/A" when asked about the conviction he seeks to challenge (Dkt. 1, at 1-2). However, the petition also claimed that the indictment against him is "void, illegal, and unconstitutional" (*id*. at 12). As relief for his claims, he sought to have his "sentence and conviction and judgment . . . set aside," entry of an "order of acquittal," and deletion of the

conviction and judgment against him (*id*. at 13).  The Court therefore instructed Arteaga to file a more definite statement to clarify what he sought to challenge in his habeas petition.

Arteaga's more definite statement states he challenges the validity of his conviction for indecency with a child by exposure in the 63th Judicial District Court of Val Verde County, Case No. 12,278CR (Dkt. 9, at 1-2).  He was convicted on June 13, 2013, and was sentenced to 10 years in TDCJ.  He appealed his conviction to the 4th Court of Appeals, which affirmed his conviction on March 5, 2014, but did not file a petition for discretionary review.  *See Arteaga v. State*, No. 04-13-00398-CR, 2014 WL 866461 (Tex. App.–San Antonio, Mar. 5, 2014, no pet.).

Arteaga states that he has not pursued state habeas relief.  He alleges that, when the appellate court affirmed his conviction, the trial court "denied [him] any further appeals and denied [him] legal counsel to continue any other appeals" (Dkt. 9, at 3).  The Texas courts' public website also reflects that Arteaga has not presented his habeas claims to the Court of Criminal Appeals.  *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Aug 25, 2022).

Arteaga further states that he is "supposedly on parole" at the Southeast Texas Transitional Center, a re-entry program, but is "behind locked gates," and that he will discharge his full sentence on March 17, 2023 (Dkt. 9, at 3).

## II. DISCUSSION

### A. Jurisdiction and Venue

Because the petitioner is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state-court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

In this case, Arteaga seeks to challenge a conviction that has no ties to the Southern District of Texas. Val Verde County, where his conviction was entered, is located in the Western District of Texas, Del Rio Division. *See* 28 U.S.C. § 124(d)(5). The federal habeas corpus statutes provide that a district court in which a habeas application is filed may, "in the exercise of its discretion and in furtherance of justice," transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). Ordinarily, it is policy in the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division in which the petitioner's underlying conviction was

entered. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered). However, the Court declines to transfer this case for reasons that follow.

### B. Exhaustion of State Remedies

As a matter of law, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means that a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (cleaned up). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To comply with the exhaustion requirement, a petitioner must "fairly present his legal claim to the highest state court in a procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (cleaned up). The federal claim "must be the substantial equivalent of the claim brought before the State court." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016) (cleaned up); *see Lucio v. Lumpkin*, 987 F.3d 451, 464 (5th Cir. 2021) ("a state prisoner who does not fairly present a claim to a state habeas court— specifying both the legal and factual basis for the claim—may not raise that claim in a

subsequent federal proceeding"). Exceptions exist only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To exhaust a claim in Texas, a petitioner must present the claim in a procedurally proper manner to the state's highest court of criminal jurisdiction—the Texas Court of Criminal Appeals—by taking one of these paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; or (2) he may petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3; *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

In this case, Arteaga did not file a petition for discretionary review after his direct appeal, and has not sought state habeas relief. Therefore, the Texas Court of Criminal Appeals has not had an opportunity to address Arteaga's challenge to his 2013 conviction. A state habeas petition remains available to Arteaga as a means to present his claims to the state courts. Because he has not availed himself of this state process, he does not fit within

a recognized exception to the exhaustion doctrine. Under these circumstances, a transfer to the Western District of Texas would not be in the interest of justice. Instead, the Court will dismiss the petition without prejudice so that Arteaga may pursue his claims in the appropriate federal district court, if necessary, after he has exhausted his state court remedies.

### III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. **CONCLUSION**

For the reasons stated above, the Court now **ORDERS** as follows:

1. The petition for a writ of habeas corpus filed by Mario Arteaga is **DISMISSED without prejudice** because the petitioner has not exhausted all available remedies in the state courts.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on _____August 25_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE